IN THE SUPREME COURT OF BERMUDA

COMMERCIAL COURT

COMPANIES WINDING UP

2020 : No. 441

IN THE MATTER OF PB INVESTMENT HOLDINGS LTD.

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

ORDER

---

**UPON THE PETITION** application by ex parte summons of the Petitioner, Northstar Financial Services (Bermuda) Ltd ("**Northstar**");

**AND UPON** reading the First Affidavit of Rachelle Ann Frisby, a Joint Provisional Liquidator of Northstar, sworn on 3 December 2020;

**AND UPON HEARING** Counsel for the Petitioner and Counsel for PB Investment Holdings Ltd;

IT IS HEREBY ORDERED AS FOLLOWS: -

1. That Rachelle Ann Frisby and John Johnston of Deloitte Ltd., Hamilton, Bermuda be appointed Joint Provisional Liquidators (the "**JPLs**") of PB Investment Holdings Ltd (the "**Company**").

2. That the powers of the JPLs not be limited, pursuant to s. 170(3) of the Companies Act 1981.

3. For the avoidance of doubt, the power of the directors and officers of the Company shall cease to the extent such powers are transferred to the JPLs by this Order.

4. For the avoidance of doubt, but without restricting the generality of paragraph 2 above, the JPLs shall be empowered to carry out the following functions either jointly, or by one, acting on behalf of both:

4.1. To continue the business of the Company under the supervision of this Court so far as is necessary to preserve the value of the Company;

4.2. To review, secure, take possession of and the books, papers, records, bank accounts and any other property or assets (of whatever nature) to which the Company is or appears to be entitled, and to take whatever steps necessary to effect such possession including, where necessary, Court actions to obtain such property or assets to bring them under the control of the JPLs. For the avoidance of doubt, this includes the power for the JPLs to be able to see, review, secure, take possession of and copy any books and records (of whatever nature) relating to the Company's management, accounts and audit located in the offices of the Company's Managers, Principal Representative and/or auditors and accountant both in this jurisdiction and in any other jurisdiction;

4.3. To retain and employ barristers, attorneys and/or such agents or professional persons as the JPLs deem fit (in Bermuda, the United States, and elsewhere as the JPLs deem appropriate) for the purpose of advising and assisting in the execution of their powers;

4.4. To render and pay invoices out of the assets of the Company for their own remuneration at their usual and customary rates (and this shall include all costs, charges and expenses of their attorneys and all other agents, managers, accountants or other persons that the JPLs may employ); and all expenses and disbursements in connection with the running, administration and management of the Company's records and affairs and offices;

4.5. If deemed necessary and/or appropriate to seek the assistance of the courts in the United States or elsewhere as deemed necessary and appropriate to secure the assets of the Company in that jurisdiction, including, without limiting the foregoing,

the assistance of the United States Bankruptcy Court under provisions of the US Bankruptcy Code, Chapter 15;

4.6. To take control of and operate the existing bank accounts of the Company in Bermuda, the United States, or elsewhere, and no other person or entity shall have any authority, power or control over any of the Company's accounts, including without limitation the Company's officers, directors, shareholders, affiliates or agents; and to open and operate any bank accounts in the name of the JPLs or the Company as may be necessary; which powers, for the avoidance of doubt, shall include the ability to amend the list of authorized signatories for the operation of any such bank accounts;

4.7. To do all such things as may be necessary or expedient for the protection of the Company's property or assets, including but not limited to selling or otherwise disposing of the property of the Company by any means appropriate;

4.8. To conduct such investigations and obtain such information so far as it is necessary to locate, protect, secure, take possession of, collect and get in the assets, and determine the liabilities, of the Company, including but not limited to securing the shares in and controlling the subsidiaries of the Company;

4.9. To investigate the assets and affairs of the Company and the circumstances which gave rise to its insolvency, including, without limitation, to require the Company to make a forensic image of the Company's and its subsidiaries' management information systems including records stores on their computers. Such forensic image is to be stored on behalf of the Company and appropriately safeguarded to protect the integrity of the data (including all metadata) and shall only be accessed with the written consent of the JPLs or as directed by this Honourable Court. For the avoidance of doubt, the books, records and documents of the Company include:

    4.9.1. Emails exchanged and other correspondence between the Company and its auditors, and the Company and other third parties; and

Appointing Joint Provisional Liquidators    Pg 4 of 7

    4.9.2. Documents and information provided by the Company to its auditors and provided by the auditors to the Company in relation to the audit work;

4.10. To surrender any lease or tenancy of any of the property of the Company and to take a lease or tenancy of any property required or convenient for the business of the Company;

4.11. To terminate, complete or perfect as advised any contracts or transactions relating to the business of the Company (including, but not limited to, employment contracts);

4.12. To carry out the following where deemed appropriate:

    4.12.1. The payment of payroll, payroll taxes, employment benefits and expenses;

    4.12.2. The employment of professionals used in the ordinary course of business;

    4.12.3. The incurrence of indebtedness or borrowed money, whether pursuant to agreements with suppliers or pursuant to loan agreements with financing institutions and/or to grant security in respect of same and/or to guarantee such indebtedness or borrowed money of affiliates;

    4.12.4. The sale or other disposition of any business operation, subsidiary, division or other significant asset of the Company;

    4.12.5. The transfer, novation or commutation of any contracts of insurance or reinsurance to which the Company is a party;

4.13. To enter into settlements or arrangements with any creditors and any debtors of the Company without further order or other approval or formality, including but not limited to, terminating, completing or effecting any contracts or transactions relating to the business of the Company;

4.14. To effect insurance in connection with the management and maintenance of the property and assets of the Company;

4.15. To consider any legal or arbitration proceedings (including winding up proceedings) wherever situate in which the Company is a party; and to give all instructions in connection therewith and take such action as may be thought necessary to continue to prosecute or defend such proceedings or to apply for a stay of such proceedings;

4.16. To consider and if thought advisable to commence such actions as may be necessary in Bermuda or elsewhere to protect, recover or obtain assets or money belonging to the Company;

4.17. To rank and claim in the bankruptcy, liquidation, scheme of arrangement or insolvency of any person (including but not limited to any body corporate) indebted to the Company and to receive dividends, and to accede to trust deeds for the creditors of any such person;

4.18. To pay premiums due or to become (including reinstatement premiums) due under contracts of reinsurance entered into by the Company and to enter into new and/or replacement contracts of reinsurance for the protection of the Company in relation to liabilities of the Company under current policies of insurance or reinsurance issued by the Company;

4.19. To change the situation of the Company's registered office;

4.20. To do all things incidental to the exercise of the foregoing powers.

5. That in respect of any act which under the Companies Act 1981 is required to be done by a liquidator or authorized by a liquidator, the JPLs may do such act or give such authorization.

6. That no disposition of the Company's property by or with the authority of the JPLs in the carrying out of their duties and functions and in the exercise of their powers under this

5

      Order shall be avoided by virtue of the provisions of section 166(1) of the Companies Act 1981 including for the avoidance of doubt, transfers of shares of the Company.

7. That the JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda, bills of costs for taxation for all costs, charges and expenses of those persons or firms employed by them and that such taxation shall be on an attorney and/own client basis with respect of attorneys and on an equivalent basis for all other persons.

Dated the 8th day of January 2021 ~~2020~~

_____
Chief Justice

IN THE SUPREME COURT OF BERMUDA

COMMERCIAL COURT

COMPANIES WINDING UP

2020 : No. 441

IN THE MATTER OF PB INVESTMENT HOLDINGS LTD.

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

ORDER

---

Marshall Diel & Myers Limited
31 Reid Street
Hamilton HM 12

Attorneys for the Petitioner

KAT/CH/dr/9148-6 (8)

